[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion to strike the third count of the plaintiff's revised complaint on the grounds that it fails to state a claim upon which relief can be granted. Specifically, the defendant asserts that the third count asserting a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a, et seq., is deficient because it fails to allege anything more than a simple breach of contract by the defendant. For the following reasons, the court agrees with the defendant.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff" (Citations and internal CT Page 15015 quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214 (1992).
The plaintiff's complaint alleges that the defendant failed to pay the plaintiff for certain electronic components which it received from the plaintiff. The defendant asserts that the third count of the plaintiff's revised complaint should be stricken because its claim is limited to a mere breach of contract. The defendant argues that a simple breach of contract without more is insufficient to establish a violation of CUTPA.
To establish a violation of CUTPA, the plaintiff must prove that the defendant engaged in an unfair or deceptive act or practice. General Statutes § 42-110b (a). Section 42-110b (c) of the act provides that the courts of this state in construing subsection (a) of § 42-110b
shall be guided by interpretations given by the Federal Trade Commission and the federal courts in interpreting the comparable provision of the Federal Trade Commission Act. The federal courts have held that "a simple breach of contract, even if intentional, does not amount to a violation of the Act; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act . . ." Bartolomew v. S.B.Thomas, Inc., 889 F.2d 530, 535 (4th Cir. 1989). See also BoulevardAssociates v. Sovereign Hotels, Inc., 72 F.3d 1029, 1038-39 (2nd Cir. 1995) and United Roasters, Inc. v. Colgate-Palmolive Co., 649 F.2d 985,992 (4th Cir. 1981).
Although there are not as yet any Connecticut appellate court decisions on this precise issue, the trial courts in this state appear to be unanimous in their support of the position that more than a simple breach of contract, even if intentional, is needed to establish a violation of CUTPA.[1] See e.g. Emlee Equipment Leasing Corporation v. WaterburyTransmission, Inc., 41 Conn. Sup. 575, 580 (1991), rev'd on other grounds, 31 Conn. App. 455 (1993); and Talbot v. Kirkup, Superior Court, judicial district of New London, Docket No. 551986 (September 20, 2000) (Corradino, J.). The pivotal question therefore is whether the plaintiff has alleged in its complaint the "substantial aggravating circumstances" attending the breach of contract necessary to establish a CUTPA violation, that is whether the plaintiff has alleged in its complaint any acts or practices that arguably meet the tests of unfairness set forth in the so-called cigarette rule[2] or that could be construed to constitute deceptive acts or practices which violate CUTPA.[3]
In the third count of its revised complaint, the plaintiff alleges that from March 2000 through May 2000 the defendant ordered certain electronic components which were received by the defendant and which the defendant failed to pay for. This claim by itself is simply a breach of contract claim and bears no indicia of an unfair or deceptive act or practice. CT Page 15016
In paragraph sixteen of the third count, the plaintiff further asserts that it is an unfair trade practice for a buyer to induce a vendor to make additional deliveries by promising the vendor that the buyer was going to make payments on invoices knowing that it would not or could not make such payments. The allegations of paragraph sixteen are mere legal opinions or legal conclusions and, as such, are not properly considered in determining the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. "[A motion to strike] admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v.CBS, Inc., 196 Conn. 91, 108 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Waters v.Autuori, 236 Conn. 820, 825 (1996).
The third count of the plaintiff's revised complaint fails to allege any facts that would support a claim that the defendant promised to make payments to the plaintiff knowing that it would not or could not make such payments with the intent of inducing the plaintiff to make additional deliveries. The only promise to make payment by the defendant alleged in the complaint is one dated June 28, 2000 which is after the deliveries at issue in this case.
Even examined in the light most favorable to the plaintiff, its complaint fails to allege facts which constitute unfair or deceptive acts or practices of the defendant within the borders of the Connecticut Unfair Trade Practices Act. Accordingly, the defendant's motion to strike the third count of the plaintiff's revised complaint is hereby granted.
BY THE COURT
Judge Jon M. Alander